UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBERT PRIEST,
        Plaintiff,

-vs-

FIREMAN'S FUND INSURANCE COMPANY,
        Defendant.

05-CV-0157E(Sr)

MEMORANDUM

and

ORDER[1]

---

Plaintiff Robert Priest commenced this action pursuant to the Employee Retirement Income Security Act ("ERISA") seeking the payment of severance benefits allegedly due him upon the termination of his employment by defendant Fireman's Fund Insurance Company ("FFIC"). Priest's Complaint alleges a cause of action under §502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), for benefits, declaratory relief and attorney's fees. Pending before the Court are competing motions: FFIC's motion for summary judgment as to Priest's claim for benefits under §502(a)(1) and Priest's motion to amend or correct his complaint to allege an additional cause of action pursuant to §510 of ERISA.

## FACTS

Priest commenced employment with FFIC in 1984 and was employed as a claims adjuster until his termination in 2004. At the time Priest's employment commenced, FFIC's Buffalo office employed approximately 250 people and at the time of his termination only 12 employees remained. While Priest was employed, FFIC maintained a Severance Allowance Program ("SAP"). In 2002, FFIC modified the

---

[1]This decision may be cited in whole or in any part.

terms of the SAP to preclude the issuance of benefits to employees who had been terminated for cause. Under the terms of the SAP, the determination of whether an employee had been terminated for cause was exclusively the function of FFIC.

Section 3.2 of the SAP states:

"An Employee shall not be eligible for a Severance Allowance under this Plan if, including but not limited to, any of the following conditions pertain:
(a) if an Employee is involuntarily terminated for cause (as determined by the Employer in its sole discretion) either before or after the Employee has received notice of termination which creates eligibility under the Plan, including, but not limited to, misconduct, attendance deficiencies or performance that does not meet the standards established by the Employer ***."

From the time of his hire until some time in 2003, Priest's performance had always been rated as at least "satisfactory." In 2003, FFIC hired Judy Poskozim ("Poskozim") to be Priest's supervisor. Although she supervised a group of employees in the Buffalo office, Poskozim worked out of the Chicago office. Priest alleges that Poskozim subjected him to unnecessary and unrealistic performance standards in order to manufacture performance deficiencies on his part.

Under her supervision, Priest began to be cited for performance deficiencies. On March 30, 2004 Poskozim placed Priest on warning — commencing on April 10, 2004 — for performance deficiencies. Such warning was for a period of 60 days. On June 10, 2004, prior to the expiration of the initial 60-day warning period, Poskozim placed Priest on probation for a period of 30 days. Thereafter, on July 1, 2004, Poskozim terminated Priest's employment.

On August 13, 2004 Priest, through counsel, submitted a letter to FFIC's Employee Benefits Administration Committee ("the Committee"), which letter served as an application for severance benefits under the SAP. By letter dated September 8, 2004 the Plan Administrator denied Priest's application for benefits and instructed him as to how to appeal that denial. On November 5, 2004 Priest, again by letter, sought a review of the denial by the Committee. The appeal relied on all of the information before the Plan Administrator and Priest did not supply any additional information with his appeal. Priest's appeal was denied at a meeting of the Committee on December 2, 2004. Priest was notified of the determination by letter dated December 3, 2004. This lawsuit followed.

## DISCUSSION

Priest commenced this action seeking review of the denial of his severance benefits and declaratory relief pursuant to §502(a)(1)(B). In response to FFIC's motion for summary judgment with respect to that claim, Priest now seeks to amend his complaint to add an additional claim under §510 of ERISA for FFIC's alleged interference with his ability to obtain severance benefits under the SAP.

A. Motion to Amend

Priest seeks to amend his complaint to assert a claim under §510 of ERISA. Defendant opposes the motion arguing that Priest's proposed amendment would be futile.

Rule 15(a) of the Federal Rules of Civil Procedure ("FRCvP") states in part that "a party may amend the party's pleading only by leave of court *** ; and leave shall be freely given when justice so requires." FRCvP 15(a). Leave to amend is generally granted in the absence of (1) undue delay; (2) dilatory purposes or bad faith; (3) undue prejudice to the opposing party; and (4) futility of the amendment. *Foman* v. *Davis*, 371 U.S. 178, 182 (1962).

Priest alleges that FFIC intended to close the Buffalo office and no longer wished to continue his employment so that his position could be more easily transferred to FFIC's Chicago office. He further asserts that Poskozim was hired for the purpose of manufacturing performance deficiencies against him so that defendant could fire him for cause and avoid paying severance benefits. He contends that Poskozim required him to perform tasks not required of others, implemented standards of performance higher than those required by FFIC, and held only him to those higher standards. Priest alleges that such actions were taken for the purpose of rendering him ineligible for severance benefits under the SAP and thus violated §510 of ERISA.

That section states, in pertinent part:

"It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for *** the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan ***."

ERISA §510, 29 U.S.C. §1140.

FFIC argues that Priest should not be permitted to amend his complaint to allege a claim under §510 because such amendment would be futile. FFIC argues that Priest's Proposed Amended Complaint seeks an award of damages and that such a remedy is not available for a violation of §510. FFIC further contends that any remedy for a violation of §510 is limited to equitable relief, that a payment of money damages is not equitable relief and, therefore, Priest would have no remedy even if a violation were found. Finally, FFIC argues that, even accepting Priest's allegations as true, §510 does not prohibit an employer's "misstatement" of the reasons for an employee's termination. Priest does not dispute that his Proposed Amended Complaint improperly seeks damages for the alleged violation of §510 but argues that the Court should permit him to file an Amended Complaint which seeks only equitable relief.

Notwithstanding his failure to state proper equitable relief in his Proposed Amended Complaint, Priest has alleged sufficient facts which, if proven, arguably would support a claim under §510. Priest alleges that FFIC subjected him to standards of performance that were higher than those to which it held other employees, disciplined him for deficiencies in meeting those higher standards, ultimately terminated him relying on such deficiencies and did so for the purpose of interfering with his ability to collect severance benefits under the SAP. Such facts are sufficient, at this stage, to assert a claim for violation of §510.

Accordingly, within 30 days of the date of this Memorandum and Order, Priest shall file and serve his Amended Complaint which must contain a proper claim for equitable relief.[2]

B.  Motion for Summary Judgment

FFIC seeks summary judgment as to Priest's claim for benefits under §502. FFIC argues that the Committee's determination that Priest was ineligible for benefits is subject to an "arbitrary and capricious" standard of review and that under such standard the determination must be upheld. Priest opposes the Motion arguing first, that, the Committee's determination is subject to *de novo* review and that such review encompasses all factual and legal issues. Priest then argues that as the period for discovery had not yet concluded at the time the Motion was filed, the Motion is premature and the Court should allow the parties to complete discovery prior to making any determination.[3]

---

[2] Priest is cautioned, however, that requests for relief which include the payments of benefits are classified as legal relief, even when the benefits would otherwise have been payable had the employer not interfered with the claimant's rights. *See Great-West Life & Annuity Ins. Co.* v. *Knudson*, 534 U.S. 204, 210 (2002) ("almost invariably ₊₊₊ suits seeking ₊₊₊ to compel the defendant to pay a sum of money to the plaintiff are suits 'for money damages' as that phrase has traditionally been applied, since they seek no more than compensation for loss from defendant's breach of a legal duty."); *see also DePace* v. *Matsushita Electric Corp. of America*, 257 F. Supp. 2d 543, 563 (E.D.N.Y. 2003) (finding that relief sought, including benefits, was foreclosed by *Great-Western*).

[3] Priest further argues that the determination as to his claim for benefits under §502 should be held in abeyance and determined together with his §510 claim because, according to Priest, should he prevail on his §510 claim he will necessarily prevail on his §502 claim. The Court disagrees. The claim under §510 pertains to any person who interferes with his ability to claim benefits — *i.e.*, FFIC. The claim under §502, however, concerns whether the plan administrator's determination can be upheld based on the record before it.

FRCvP 56(c) states that summary judgment may be granted only if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party bears the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Goenaga* v. *March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995) (internal citation omitted). If the moving party makes such a showing, the non-moving party must then come forward with evidence of specific facts sufficient to support a jury verdict in order to survive the summary judgment motion. *Ibid*. In other words, after discovery and upon a motion, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 322 (1986).

Not every factual dispute will preclude summary judgment, however. Summary judgment is appropriate where there is "no *genuine* issue of *material* fact." *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists if the evidence in the record "is such that a reasonable jury could return a verdict for the nonmoving party." *Ibid*. Stated another way, there is "no genuine issue as to any material fact" where there is a "complete failure of proof concerning an essential element of the nonmoving party's case." *Celotex*, at 323. Additionally, the disputed fact must be material, which is to say that it "might affect the outcome of the suit under the governing law." *Anderson*, at 248.

Finally, "[i]n assessing the record to determine whether there is a genuine issue as to any material fact, the district court is required to resolve all ambiguities and draw all factual inferences in favor of the party against whom summary judgment is sought." *St. Pierre* v. *Dyer*, 208 F.3d 394, 404 (2d Cir. 2000) (*citing Anderson*, at 255). Nonetheless, mere conclusions, conjecture, unsubstantiated allegations or surmise on the part of the non-moving party are insufficient to defeat a well-grounded motion for summary judgment. *See Goenaga*, at 18.

Priest alleges that defendant improperly denied him severance benefits by manufacturing performance defects and therefore cause by which to terminate his employment and seeks a *de novo* review of that determination. Defendant argues that under §502, Priest is entitled only to a review of the Committee's conduct, that such review is based on the "arbitrary and capricious" standard of review, and that the Committee's decision cannot be considered arbitrary.

"Where an ERISA plan does not accord an administrator discretion in determining a participant's eligibility to benefits, a district court reviews all aspects of an administrator's eligibility determination, including fact issues, *de novo*." *Krizek* v. *Cigna Group Ins.*, 345 F.3d 91, 98 (2d Cir. 2003) (*citing Firestone Tire & Rubber Co.* v. *Bruch*, 489 U.S. 101, 115 (1989)). Where such discretion is granted, however, the administrator's determination is subject only to the more deferential "arbitrary and capricious" standard of review. *Kinstler* v. *First Reliance Std. Life Ins. Co.,* 181 F.3d 243, 249 (2d Cir. 1999).

Here, FFIC argues that the SAP grants the Committee broad discretion to interpret the provisions of the plan and eligibility for benefits thereunder. In support of that argument, FFIC points to Section 6.1 of the SAP which states in pertinent part:

> "The Plan shall be administered by the Committee. *** For purposes of carrying out its responsibilities and duties hereunder, the Committee shall have all necessary and appropriate powers and discretionary authority, including but not by way of limitation, the following:
>
> (a) To interpret and construe the provisions of the Plan, to determine factual issues relating to the administration of the Plan, to decide any and all matters arising hereunder; including the right to remedy possible ambiguities, inconsistencies or omissions and to make interpretations and decisions that are final and conclusive.
>
> \* \* \*
>
> (d) To review the pertinent facts and determine the eligibility of any Employee to receive benefits under the Plan."

FFIC argues that, as the Committee was granted discretion to determine Priest's eligibility under the SAP, the Court must review its determination under the "arbitrary and capricious" standard. The Court disagrees. While, facially, Section 6.1(d) appears to allow the Committee to determine eligibility, when considered together with Section 3.2(a), it is clear that with respect to employees terminated for cause, the Committee is bound by FFIC's factual determination as to whether the employee's conduct constitutes cause for termination. Thus, the Committee has no discretion to determine those pertinent facts. The Committee is relegated to matching up FFIC's stated reason for termination with the list of events by which an employee is either eligible or ineligible for benefits. Here, the Committee had no discretion to review the events surrounding Priest's termination to determine

whether or not there existed cause for his termination. Accordingly, the Committee's denial of benefits is subject to the *de novo* standard of review.

Priest contends that such review is not possible because crucial documents, including Priest's personnel file and FFIC's own standards of performance, are absent from the administrative record. Priest is correct in that such documents are not contained within the administrative record. The record on which the Committee's decision was based includes only Poskozim's March 30, 2004 memo placing Priest on warning, Poskozim's June 10, 2004 memo placing Priest on probation, the July 1, 2004 termination notice, Priest's August 13, 2004 letter application for benefits, the September 8, 2004 letter from the Plan Administrator denying benefits, Priest's November 5, 2004 letter appeal to the Committee, the Committee's December 3, 2004 letter denying Priest's appeal, and the terms of the SAP.

"Judicial review of a plan administrator's determination is confined to the administrative record, unless *** 'good cause' justifies expanding the record." *Krizek*, at 98 (internal citation omitted). Moreover, even where good cause exists, the issue of whether to consider additional evidence is within the Court's discretion. *See Critchlow* v. *First Unum Life Ins. Co. of America*, 340 F.3d 130, 133 n.2 (2d Cir. 2003). The Second Circuit has held that, in certain circumstances, an incomplete administrative record might constitute good cause for consideration of additional evidence outside the record. *Zervos* v. *Verizon, N.Y., Inc.*, 277 F.3d 635, 646-47 (2d Cir. 2002).

Priest acknowledges that neither his application for benefits nor his appeal of the denial of benefits supplied any additional documentation relative to his job performance, including FFIC's own standards of performance or his personnel file. Instead, Priest contends that, as the Committee had no discretion to consider such materials, supplying them at the administrative stage would have been fruitless. Priest also argues that it is incongruous to require him to present such materials at the administrative stage, prior to any discovery, when the materials needed to make his case are within FFIC's control.

First, while the materials indicated by Priest were unquestionably within FFIC's control, the letter from the Plan Administrator initially denying Priest's benefits informed him as to how to take an appeal from that determination and specifically noted that Priest had the right to examine and review any relevant document, with the exception of those protected by privilege. Specifically, that letter stated:

> "Mr. Priest's request for review should set forth all of the grounds upon which it is based, all facts in support thereof and other matters which he deems pertinent.  Mr. Priest is also entitled to review any documents pertinent to his review, other than legally privileged documents."

September 8, 2004 Denial of Benefits.  Thus, Priest could have chosen to obtain or even examine his personnel file.  There is no indication that he did so.  There is no indication that he even *sought* to do so.  Furthermore, Priest clearly had knowledge at the time of the denial of his benefits of some of the facts he alleges in support of his claims.  Assuming the alleged facts are true, Priest knew he had performed

satisfactorily for nearly twenty years until Poskozim undertook his supervision. He was also aware that he was being subjected to certain performance requirements not so required prior to Poskozim's supervision and not required of others under her supervision. Priest did not allege any of these facts in support of his claim for benefits. Thus, Priest has not demonstrated good cause by which to supplement the administrative record.

Based on a review of the pertinent record before the Committee, the Court concludes that the denial of benefits was supported by the record. The record demonstrates that Priest was warned of performance deficiencies. He was placed on probation when he failed to correct some or all of those deficiencies and was finally terminated after again failing to correct the deficiencies.

## CONCLUSION

For the reasons stated above, it is **ORDERED** that Priest's motion to amend the Complaint is granted and Priest shall file an Amended Complaint within 30 days, and FFIC's motion for summary judgment is granted as to Priest's claim for benefits under §502(a)(1) of ERISA.

DATED:   Buffalo, N.Y.

February 5, 2007

                                         /s/ John T. Elfvin
                                         JOHN T. ELFVIN
                                         S.U.S.D.J.